# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL ALCALA FARIAS, | ) | 1:07cv0175 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| MERCY HOSPITAL., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Manuel Alcala Farias ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on February 1, 2007. He appears to allege that his mother was murdered while she was a patient at Defendant Mercy Hospital, and purports to bring this civil rights action on behalf of his mother and his family.

On March 15, 2007, Plaintiff filed a document that was docketed as an amended complaint. However, this document appears to be exhibits related to proof of service and a related state court action.[1]

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof

---

[1] Plaintiff's proof of service documents are irrelevant and unnecessary at this point in the action. The Court will order service, if appropriate, after screening the complaint.

1

if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Allegations

Plaintiff appears to allege that his mother, Flora Alcala Farias, was killed by doctors at Mercy Hospital on March 26, 2006. He contends that he saw a doctor inject her and was told that the injection was for pain relief. Although he doesn't specifically link the injection and her

death, it appears that he is suggesting that the injection caused her death.

Plaintiff states that he is bringing this action on behalf of his entire family and on behalf of his deceased mother. He alleges that she was killed for "elder or racial discrimination of low people that received help monetary and medi-cal." Complaint, at 2. He alleges violations of the Eighth and Fourteenth Amendments and requests $1,500,000 in damages.

C.  Analysis

   1.  *Standing*

Courts have long recognized that rights under the Eighth and Fourteenth Amendments are personal rights. See Whitmore v. Arkansas, 495 U.S. 149 (1990) (only the person subject to the penalty has standing to assert an Eighth Amendment objection under the Cruel and Unusual Punishment Clause); Shelley v. Kraemer, 334 U.S. 1, 22 (1948) (rights created by the due process clause of the Fourteenth Amendment are "by its terms, guaranteed to the individual. The rights established are personal rights."). The general rule is that "only the person whose [personal] rights were violated can sue to vindicate those rights." Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 370 (9th Cir.1998).

In section 1983 actions, however, survivors of a deceased individual whose rights were violated before death may assert these personal claims on the decedent's behalf if state law authorizes a survival action. 42 U.S.C. § 1988(a); Moreland, 159 F.3d at 369. It is the plaintiff's burden to establish that applicable state law permits a survival action. Id. Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. Cal.Civ.Proc. § 377.30. Where there is no personal representative for the estate, the decedent's "successor in interest" may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements under California Code of Civil Procedure section 377.32. Section 377.32 requires a person seeking to commence a survival action to execute and file an affidavit setting forth specific information.

Here, Plaintiff appears to be moving on behalf of his family and his deceased mother. He names only himself as Plaintiff. There is no indication, however, that Plaintiff is suing in a representative capacity as a successor in interest to his mother or as personal representatives of

3

her estate. Nor is there any indication that Plaintiff followed the procedure set forth in section 377.32. In fact, the Complaint does not even mention any of the applicable state statutes. "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." Moreland, 159 F.3d at 369. Plaintiff has failed to meet this burden.

### 2. *Application of the Eighth Amendment*

Plaintiff makes a vague reference to the Eighth Amendment. However, the Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Ingraham v. Wright, 430 U.S. 651 (1977). Plaintiff therefore cannot state a cause of action for violation of the Eighth Amendment on behalf of his mother, who was a hospital patient and not a convicted prisoner.

### 3. *Rule 8*

Finally, Plaintiff's Complaint fails to satisfy the requirements of Rule 8, which requires enough information so as to give Defendant fair notice of the claims against it. Although implied, Plaintiff makes no explicit link between any act of Defendant and his mother's death. He states that he was told that the injection was for pain relief, but makes no allegation in the complaint that this was not true. Moreover, although Plaintiff mentions racial discrimination, he states no facts to support such an allegation. In fact, he doesn't even state his mother's race.

In its current form, then, the Complaint states no discernable claims for relief. However, given Plaintiff's status as a pro se litigant and the fact that the Court is unable to conclude that he cannot cure these deficiencies, Plaintiff will be granted leave to amend. If he chooses to do so, he must remedy the standing issue and comply with Rule 8. As explained above, he is unable to state a cause of action under the Eighth Amendment.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th

1  Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any
2  function in the case.
3     Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED
4  WITH LEAVE TO AMEND. Plaintiff may file an amended complaint within thirty (30) days of
5  the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended
6  Complaint," and shall refer to the case number assigned to this action. **If Plaintiff does not file**
7  **an amended complaint within this time frame, the Court will recommend that this action**
8  **be dismissed.**
9     IT IS SO ORDERED.
10    Dated:   **April 10, 2007**           **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

5