# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALCALA FARIAS, | 1:07cv0175 OWW DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | |
| MERCY HOSPITAL, | |
| Defendant. | |

Plaintiff Manuel Alcala Farias ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant civil rights action on February 1, 2007. He appeared to allege that his mother was killed by doctors at Mercy Hospital on March 26, 2006. On March 15, 2007, Plaintiff filed a document that was docketed as an amended complaint. However, this document appeared to be exhibits related to proof of service and a related state court action.

On April 11, 2007, the Court dismissed the complaint with leave to amend. It explained that Plaintiff lacked standing, that the Eighth Amendment did not apply to his mother, and that the complaint failed to satisfy the pleading standards set forth in Rule 8. Given Plaintiff's status as a pro se litigant, he was granted leave to amend in an attempt to cure these deficiencies.

Plaintiff filed an amended complaint on April 18, 2007. For the reasons discussed below, Plaintiff's amended complaint should be dismissed without leave to amend.

A.      Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id.  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff's amended complaint is one page and somewhat disjointed.  Similar to the allegations in his original complaint, Plaintiff alleges that his mother, Flora Alcala Farias, was killed on March 26, 2006, when Mercy Hospital doctors injected her.  In the only mention of federal law, he states, "any state and federal law will guaranty [sic] my civil rights, it is a murdered person.  Victim of doctor.  Elder sick put to death."  He contends that an autopsy will disclose the truth and requests that the doctors be brought to justice.  He cites various California statutes in support of his argument.

C.    Analysis

        1.    *Standing*

Courts have long recognized that rights under the Eighth and Fourteenth Amendments are personal rights.  See Whitmore v. Arkansas, 495 U.S. 149 (1990) (only the person subject to the penalty has standing to assert an Eighth Amendment objection under the Cruel and Unusual Punishment Clause); Shelley v. Kraemer, 334 U.S. 1, 22 (1948) (rights created by the due process clause of the Fourteenth Amendment are "by its terms, guaranteed to the individual. The rights established are personal rights.").  The general rule is that "only the person whose [personal] rights were violated can sue to vindicate those rights."  Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 370 (9th Cir.1998).

In section 1983 actions, however, survivors of a deceased individual whose rights were violated before death may assert these personal claims on the decedent's behalf if state law authorizes a survival action.  42 U.S.C. § 1988(a); Moreland, 159 F.3d at 369.  It is the plaintiff's burden to establish that applicable state law permits a survival action.  Id.  Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate.  Cal.Civ.Proc. § 377.30.  Where there is no personal representative for the estate, the decedent's "successor in interest" may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements under California Code of Civil Procedure section 377.32.  Section 377.32 requires a person seeking to commence a survival action to execute and file an affidavit setting forth specific information.

1    Here, as in his original complaint, Plaintiff lacks standing.  Although he does not

2    specifically say whether he moves in a representative capacity as a successor in interest to

3    his mother or as personal representatives of her estate, it is clear that he has not followed the

4    required procedures.  In the Court's order dismissing with leave to amend, Plaintiff was

5    specifically instructed as to this deficiency and failed to remedy it.  "The party seeking to bring a

6    survival action bears the burden of demonstrating that a particular state's law authorizes a

7    survival action and that the plaintiff meets that state's requirements for bringing a survival

8    action."  Moreland, 159 F.3d at 369.  Plaintiff has failed to meet this burden.

9         2.    *Rule 8*

10    Plaintiff's complaint again fails to satisfy Rule 8.  In fact, his amended complaint is less

11    compliant than his original complaint.  Apart from suggesting that doctors killed his mother by

12    injection, he sets forth no facts to support his allegations.  In fact, even his allegations are

13    unclear.  He mentions his civil rights in passing, but certainly does not state facts to indicate a

14    civil rights claim.  He cites inapplicable California statues, i.e., California Government Code

15    § 844.6, which grants immunity from liability to public entitles for injuries caused by, or to,

16    prisoners.  His amended complaint therefore falls far short of the pleading requirements of Rule

17    8.  There is no short and plain statement of this Court's jurisdiction[1], a short and plain statement

18    of his claim, or a statement of requested relief.

19    The Court has given Plaintiff one opportunity to amend and given the insufficient

20    allegations in the amended complaint, it does not appear that Plaintiff can remedy the above

21    deficiencies.  The Court therefore recommends that this action be dismissed without leave to

22    amend.

23

24

25    _____

26    [1] Documents submitted to this Court show that Plaintiff has a similar action pending in Kern County
Superior Court, *Manual Alcala Farias v. Mercy Hospital Doctors Assigned,* Case No. S-1500-CV-257811, LPE.

27    The exact nature of the state case is unknown, but it likely relates to the general allegation Plaintiff has made here-
that doctors at Mercy Hospital killed his mother.  From the allegations in the amended complaint before this Court,
there is no indication that this Court can invoke its jurisdiction, and perhaps the state court is the best forum for

28    Plaintiff's claims.

4

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the action be dismissed without leave to amend for failure to state a claim for which relief can be granted.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   May 9, 2007**          **/s/ Dennis L. Beck**
                          UNITED STATES MAGISTRATE JUDGE

5